# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Earl Bowman,
    Petitioner

vs                                       Case No. 1:02cv820
                                          (Spiegel, J.; Hogan, M.J.)

James Irwin,
    Respondent

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio at the time this petition was filed, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's return of writ and petitioner's responses. (Docs. 1, 3, 4, 6).

### Procedural Background

The 1999 term of the Hamilton County, Ohio, grand jury indicted petitioner on two counts of rape as defined in Ohio Rev. Code § 2907.02(A)(2). (Doc. 3, Ex. A). On January 18, 2000, defense counsel filed a "Suggestion of Incompetency" and a plea of not guilty by reason of insanity. (Doc. 3, Exs. B, C). On January 31, 2000, petitioner filed a motion to withdraw counsel which the trial court honored, appointing a new attorney to represent petitioner. (Doc. 3, Exs. E, F). Because petitioner's competency became an issue, the trial court ordered an examination of

petitioner, found him incompetent to stand trial and ordered treatment for him. (Doc. 3, Exs. G, I). On April 18, 2000, the trial court further ordered the involuntary administration of medication for the purpose of restoring petitioner to competency to stand trial. (*Id.*, Ex. J). Although petitioner was ultimately restored to competency, the trial court ordered mental health agencies to monitor petitioner, and to re-examine him for competency and for insanity. (Doc. 3, Exs. K, L, M, N).

On February 14, 2001, petitioner pled guilty to one count of rape. (Doc. 3, Exs. P, T ). The court sentenced petitioner to a sentence of three years for the rape as agreed to by the parties in the plea agreement. (*Id.*).

On February 22, 2002, petitioner filed a pro se post-conviction petition challenging the voluntariness of his guilty plea and the effectiveness of his counsel. (Doc. 3, Ex. U). Petitioner argued that his medication and coercion by counsel rendered his plea invalid. (*Id.*). On March 4, 2002, the trial court dismissed the petition as untimely. (*Id.*, Ex. W). On October 10, 2002, petitioner filed a notice of appeal which the Ohio Court of Appeals dismissed as untimely on November 21, 2002. (*Id.*, Exs. Y, Z).

On December 9, 2002, petitioner appealed the decision to the Ohio Supreme Court, raising the following propositions of law:

1. Constitutionality; Conspiracy encompasses Due Process and Equal Protection Clauses of U.S.C.A. Amendment 14 and is not unconstitutionally vague.

2. Conspiracy in general; Any conspiracy to deprive a person of any of his Constitutional Rights is reprobated.

(Doc. 3, Ex. B1). On April 3, 2003, the Ohio Supreme Court denied leave to appeal and dismissed the appeal.[1]

More than one year after his conviction, on March 11, 2002, petitioner filed a motion for a delayed appeal to the Ohio Court of Appeals. (Doc. 3, Ex. D1). He

---

[1] This information originates from the Hamilton County Clerk of Courts website, http://www.courtclerk.org. It was not available at the time that respondent filed his return of writ.

2

blamed his untimeliness on the medication administered to him, a conspiracy involving everyone associated with his case, including his attorneys and the ineffective assistance of his defense counsel. (*Id.*). On April 5, 2002, the Ohio Court of Appeals overruled the motion because petitioner had "failed to provide sufficient reasons for failure to perfect an appeal as of right." (*Id.*, Ex. E1).

On July 11, 2002, petitioner filed a pro se notice of delayed appeal before the Ohio Supreme Court. (*Id.*, Exs. F1, G1). He summarized the reasons for his delay, as follows:

1. Awaiting professional legal assistance

2. Learning to proceed pro-se

3. Awaiting information to justify claims

4. Monetary considerations

(*Id.*, Ex. F1). On September 4, 2002, the Supreme Court of Ohio denied petitioner's motion for a delayed appeal, dismissing the appeal. (*Id.*, Ex. H1).

On June 20, 2002, petitioner filed a pro se application for reopening in the Ohio Court of Appeals in which he claimed ineffective assistance of appellate counsel, but actually identified the failings of his trial counsel. (Doc. 3, Ex. M1). On September 30, 2002, the Ohio Court of Appeals denied petitioner's application. (*Id.*, Ex. R1). Referring to Ohio Appellate Rule 26(B), the Court explained that "the rule provides a means for challenging counsel's performance in prosecuting a direct appeal," but is not "a substitute for a timely filed direct appeal" or "a method for securing reconsideration of the court's decision denying appellant leave to file a delayed appeal." (*Id.*). Petitioner did not pursue a further appeal to the Ohio Supreme Court.

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising the following grounds for relief which are quoted verbatim:

**A. GROUND ONE:** Ineffective Assistance of counsel due to conflict of interest.

3

**B. GROUND TWO:** Conspiracy

**C. GROUND THREE:** Did not get due process–conspiracy permeated due process.

**D. GROUND FOUR:** Cruel and Unusual Punishment.

**E. GROUND FIVE:** Defendant Could not get speedy, public trial, assistance of counsel, or compulsory process of witnesses.

**F. GROUND SIX:** Conviction obtained by pleas of guilty which was unlawfully induced or not made voluntary with understanding of the consequences of the plea, or forced reduction of mental faculties.

**G. GROUND SEVEN:** Ineffective Assistance of Counsel due to conflict of interest.

**H. GROUND EIGHT:** Ineffective Assistance of Counsel due to conflict of interest.

**I. GROUND NINE:** Ineffective Assistance of Counsel due to conflict of interest.

**J. GROUND TEN:** Fair hearing and reliable determination of voluntariness of signing plea could be had.

**K. GROUND ELEVEN:** Guilty Plea was not knowing, voluntary, and intelligent.

**L. GROUND TWELVE:** Counsel of defendant's choice could not be had (effectively denied).

**M. GROUND THIRTEEN:** Ineffective Assistance of counsel on appeal.

**N. GROUND FOURTEEN:** The trial judge was not neutral.

4

**O. GROUND FIFTEEN:** Judiciary on appeal is not neutral.

**P. GROUND SIXTEEN:** False entry of encompetence [sic] to stand trial.

**Q. GROUND SEVENTEEN:** Detective used trickery to secure signature on Mirranda [sic].

**R. GROUND EIGHTEEN:** Continuing Conspiracy

(Doc. 1, Habeas Petition).

In his return of writ, respondent argues that the petition is barred by the statute of limitations under 28 U.S.C. § 2244 or alternatively, petitioner's grounds for relief have been waived due to procedural defaults committed in the state courts. (Doc. 3).

## OPINION

### I. Petitioner has waived his grounds for relief due to procedural defaults committed in state court.

As a preliminary matter, this Court must determine whether this court may reach the merits of petitioner's claims or whether petitioner has waived his claims by committing a procedural default in the state courts. In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present his claims through to the state's highest court

or commits some other procedural default relied on to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that petitioner has waived his claims for habeas corpus relief. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

A "fundamental miscarriage of justice" occurs only in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995). To be credible, such a claim "requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup,* 513 U.S. at 324. In order to obtain habeas review of the merits of a procedurally-defaulted claim under the "actual innocence" exception, the otherwise-barred petitioner "must show it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, "including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id.* at 327-28.

In this case, petitioner committed numerous procedural defaults in the state courts. He filed his post-conviction petition in the state trial court in an untimely manner and subsequently, filed his notice of appeal to the Ohio Court of Appeals out of time. Both courts specifically relied on petitioner's untimeliness in their rulings.

His attempts to pursue a direct appeal were similarly fraught with late filings.

6

The Ohio Court of Appeals denied his motion for a delayed appeal because he failed to provide reasons for his failure to perfect a timely appeal. The summary denial of his motion for delayed appeal in the Ohio Supreme Court also constitutes a procedural default. *See Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004), *petition for cert. filed* (U.S. June 30, 2004) (No. 04-6312).

Finally, petitioner failed to pursue an appeal of the Ohio Court of Appeals denial of his application for reopening. He can no longer pursue an appeal to the Ohio Supreme Court because delayed appeals are not available for appeals brought pursuant to Ohio App. R. 26 (B). Ohio S.Ct. Prac. R. II, §2 (A)(4)(b). He has waived the claims for purposes of federal habeas corpus review because he did not provide the highest state court in Ohio with an opportunity to correct any alleged constitutional error. *See Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905, 907-08 (9th Cir. 1986).

Therefore, this Court may not consider these claims unless petitioner shows cause for the defaults and actual prejudice as a result of the alleged errors, or demonstrates that failure to consider the claims will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

Petitioner asserts that the administration of drugs and a vast conspiracy among his counsel, law enforcement, the prosecution and the state court prevented him from timely filing in the state court. The Court has carefully reviewed petitioner's conspiracy theories and the record in this case and has determined that there is no evidence to support petitioner's claim. Other than petitioner's allegation, there is also no evidence that the medications he took hindered his efforts to timely pursue his state court remedies. Although petitioner was on the medication at his plea hearing, he indicated that the drugs do not interfere with his ability to think clearly. (Doc. 3, Ex. T at Tr. 7). Originally, the medication was administered for the purpose of restoring petitioner to competency.

Petitioner's ignorance of the law or the appropriate state court procedures does not constitute cause. *See Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir. 2004) (citing *Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir. 1995)).

As cause for his delayed direct appeal to the Ohio Supreme Court, petitioner

7

argues that he was "awaiting professional legal assistance." (Doc. 3, Ex. G). The constitutional right to have counsel appointed extends to the first appeal of right, and not to a discretionary appeal on direct review of a conviction. *Pennsylvania v. Finley,* 481 U.S. 551 555 (1987); *Ross v. Moffitt,* 417 U.S. 600 (1974). Petitioner's appeal to the Ohio Supreme Court is a discretionary appeal which the Ohio Supreme Court may allow or disallow. Rule II, Section 1(A)(3) of the Rules of Practice of the Supreme Court of Ohio. Therefore, petitioner does not have a constitutional right to the assistance of counsel during that appeal.

Because petitioner has not provided any further justification for the default of these claims and has not established his actual innocence such that a miscarriage of justice will occur if this court fails to consider the claims, he has waived the claims for purposes of habeas corpus relief.

## II. Alternatively, petitioner has waived many of his claims by entering a constitutionally valid guilty plea.

By pleading guilty, a defendant waives all non-jurisdictional defects in the proceedings. *United States v. Pickett,* 941 F.2d 411, 416 (6th Cir. 1991). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson,* 411 U.S. 258, 267 (1973); *see McMann v. Richardson,* 397 U.S. 759, 768-69, 771 (1970); *Campbell v. Marshall,* 769 F.2d 314, 318-19 (6th Cir. 1985), *cert. denied,* 475 U.S. 1048 (1986). Rather, he may only seek to attack the validity of his guilty plea by showing that under the circumstances, his guilty plea was not intelligently and voluntarily entered. *Id.*; *see also Campbell,* 769 F.2d at 315.

Petitioner's claims that trial counsel was ineffective because he failed to interview witnesses, forced petitioner to enter a not guilty by reason of insanity plea, and was unduly influenced by law enforcement; that there was a conspiracy to obtain his not guilty by reason of insanity plea and that plea was unconstitutionally induced by medication; that the incompetence finding was false; that he was tricked into signing a *Miranda* waiver; that he was denied counsel of his own choosing; that he was denied a speedy trial and compulsory process (Grounds 1, 3, 4, 5, 7, 9, 12, 16, 17); all relate to deprivations of constitutional rights occurring before petitioner entered his

guilty plea. By entering a valid guilty plea, petitioner waived these claims.

### III. Petitioner entered a constitutionally valid guilty plea.

In his first, second, sixth, eighth, eleventh, fourteenth, fifteenth and eighteenth grounds for relief, petitioner argues that his plea was involuntary in that it was induced by forced medication, coercion and misinformation by counsel, and a vast conspiracy involving defense counsel, law enforcement, psychiatrists, the trial and appellate courts.

Because a criminal defendant waives numerous constitutional rights when he enters a plea of guilty, the plea must be entered into knowingly and voluntarily in order to comply with the Due Process Clause. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). "'The standard was and remains whether the plea represents the voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, a court must look at the totality of the circumstances surrounding the plea. *Brady v. United States,* 397 U.S. 742, 749 (1970).

To comply with the Due Process Clause, the guilty plea must also be entered "competently." *Godinez v. Moran,* 509 U.S. 389, 396, 402 (1993); *Johnson v. Zerbst,* 304 U.S. 458, 468 (1938). The competency standard for pleading guilty is the same as the competency standard for standing trial. *Godinez,* 509 U.S. at 399. The legal test for mental competency is whether, at the time he entered his plea, the defendant had sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he had a rational as well as factual understanding of the proceedings against him. *Dusky v. United States,* 362 U.S. 402 (1960).

During the plea proceeding, the trial judge questioned petitioner as to whether any promises were made to him or whether he was threatened in order to induce his plea and petitioner answered no. (Doc. 3, Ex. T, Tr. 3). When questioned by the judge about his medication, petitioner indicated that the Cogentin he was taking did not interfere with his ability to think clearly. (*Id.*, Tr. 7). Neither defense counsel nor petitioner informed the court at any point in the plea proceeding that petitioner was having difficulties with concentration, communication or thinking clearly. Petitioner acknowledged that he understood that he was giving up his right to a trial by jury

9

where a determination would by made of his guilt beyond a reasonable doubt, his right to confront adverse witnesses and his right to subpoena witnesses on his behalf. (*Id.,* Tr. 6, 7). The judge explained to petitioner the penalty involved for the offense charged, including the maximum sentence of ten years and the prospect of parole upon his release (*Id.,* Tr. 4). Petitioner was advised that he would be sentenced to three years in prison, as the parties had agreed. (*Id.,* Tr. 3-4). Petitioner acknowledged his understanding of this information, as well. (*Id.*). The judge further ensured that petitioner was of sufficient age (thirty-nine) and had an adequate education (some college) to understand the proceedings and had competent reading skills to understand the guilty plea form he had signed. (*Id.,* Tr. 5; *see* Doc. 3, Ex. P). Petitioner indicated that he had consulted with his lawyer with respect to his plea form. (Doc. 3, Ex. T, Tr. 5, 8). In exchange for his guilty plea, the state agreed to dismiss one of the counts of rape and to a sentence of three years. (*Id.,* Tr. 2-3). Considering the circumstances surrounding the plea as contained in the state court record, this Court concludes that petitioner entered the plea knowingly and voluntarily.

In this case, it is evident that the state trial court went to great lengths to ensure that petitioner was competent to enter his plea by having petitioner examined, treated, re-examined and monitored by mental health professionals. Medication was administered to petitioner so that he could be restored to competency. Other than his own statement after the fact, there is simply no evidence that the drugs petitioner was taking placed him in a "stupor" at the time of his plea. (See Doc. 3, Ex. U). Petitioner's charges of a "conspiracy" to convict him are similarly unsubstantiated. Since petitioner apparently confessed to police and refused to allow his attorney to suppress his statements (Doc. 3, Ex. S, Tr. 17; Doc. 1, Ex. E), his acceptance of a guilty plea where one count of rape was dropped and with an agreed sentence of three, out of a possible ten, years seems to be an intelligent choice.

Accordingly, petitioner is not entitled to habeas corpus relief with respect to his claims challenging the voluntariness of his guilty plea.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to the dismissal

on procedural default grounds of the claims for relief alleged in the petition because "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to procedurally-barred claims. A certificate of appealability should not issue for the additional reason that petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner has not shown that reasonable jurists could debate whether his claims should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 323-324 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

3. With respect to any application by petitioner for *in forma pauperis* status for the purposes of pursuing an appeal of an order adopting this report and recommendation, this Court should certify that pursuant to 28 U.S.C. § 1915 (a) an appeal of this order would not be taken in "good faith," and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 3/29/05
hr

Timothy S. Hogan
United States Magistrate Judge

J:\ROSENBEH\2254(2005)\02-820waive&gp.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Earl Bowman,
    Petitioner

vs

Case No. 1:02cv820
(Spiegel, J.; Hogan, M.J.)

James Irwin,
    Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Earl A Bowman<br>217 West 12th Street<br>Cinti, OH 45210 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 0860 0000 1410 1541 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:02cv820  doc.# 7